Keith Y. Boyd, OSB #760701
keith@boydlegal.net
The Law Offices of Keith Y. Boyd
724 S. Central Ave., Suite 106
Medford, OR 97501
Telephone: (541) 973-2422
Facsimile:  (541) 973-2426
    Of Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re:<br><br>Sawyer Wood Products, Inc.,<br><br><br>Debtor. | Case No. 16-60250-fra11<br><br>MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION<br><br>**EXPEDITED CONSIDERATION REQUESTED** |
|---|---|

    Sawyer Wood Products, Inc., debtor and debtor in possession ("Debtor"), moves this Court for entry of an order authorizing payment of pre-petition wages, salaries, compensation, benefits, and related taxes, and to continue employee benefits post petition and further respectfully states as follows:

    1.    On February 3, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 1 of 5**

2. Debtor has continued in possession of its property and is continuing to operate and manage its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Debtor employs approximately 22 employees today and approximately 30 employees at peak season.

6. Debtor has an average payroll of approximately $40,000 per pay period.

7. Debtor's employees are paid on the 5th and 20th of the month. The last regular payroll date was January 20th, 2016, covering the pay period December 28th through January 12th, 2016. As the bankruptcy case was filed February 3, 2016, Debtor has incurred unpaid pre-petition obligations for wages, salaries, commissions and other employment compensation and benefits for the period January 13th through January 27, 2016 which is due to be paid on February 5, 2016, and from January 28th through February 3, 2016, which is due to be paid on February 20, 2016. On February 3, 2016, prior to filing the bankruptcy case, the Debtor made advances to the employees on the wages and/or salary incurred for the period January 13th through January 27, 2016. The total amount of these advances was $9,407.68.

8. The Debtor seeks authority to pay all accrued and unpaid pre-petition wages, salaries, compensation, taxes, and benefits from cash collateral. However, prior to a final

MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 2 of 5**

Case 16-60250-fra11    Doc 10    Filed 02/03/16

hearing on authorizing use of cash collateral, the Debtor has isolated the amounts needed to pay for wages and salaries only on an emergency basis. The Debtor is obligated to pay $17,699.03 ($35,706.72 total payroll not including taxes minus the $9,407.68 advanced) in wages and salaries due February 5, 2016. The Debtor is further obligated to pay an estimated $12,484.87 in salaries and wages (not including taxes) due February 20, 2016.

9. Attached hereto as Exhibit 1 to the Declaration of Peter Newport is a listing of the amounts owed to each individual. Debtor will not pay, and does not request authority to pay, any person more than the $11,725 amount of their priority claim as provided by 11 U.S.C. §§ 507(a)(4) and (a)(5).

10. Debtor requests that this Court enter an order, pursuant and subject to Sections 105(a) and 507(a)(4) and (a)(5) of the Bankruptcy Code, authorizing Debtor to (a) pay to or for the benefit of its employees incurred but unpaid pre-petition wages, salaries, and other compensation on the regularly scheduled post-petition pay dates; (b) pay any and all local, state and federal withholding and payroll-related taxes relating to pre-petition periods, including, but not limited to, all pre-petition withholding taxes, social security taxes, Medicare taxes, and unemployment taxes; (c) pay all court-ordered wage garnishments, including, but not limited to, child support and tax garnishments; (d) make accrued pre-petition contributions or payments directly on account of employee benefits; (e) continue to honor, and pay as and when appropriate, earned but unused vacation and other benefits accrued pre-petition; and (f) continue existing employee benefits post-petition.

11. To protect the value of Debtor's business as a going concern, Debtor must honor its pre-petition wage obligations. A failure to pay accrued wages, salaries, benefits and other

MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 3 of 5**

Case 16-60250-fra11    Doc 10    Filed 02/03/16

related obligations, or demand employees and taxing authorities return the payments received, would not only be unfeasible, but have a significant negative impact on worker morale and some employees may not report to work, thereby impairing Debtor's ability to continue operations.

12. Debtor believes the requested relief will enable it to maintain its current operations without interruption and, at the same time, maintain worker morale. Debtor's employees are vital to its efforts to reorganize and provide essential services, without which Debtor would be unable to function. Without the relief requested, Debtor's ability to preserve its assets for the benefit of all creditors and equity security holders, and Debtor's ability to successfully reorganize, will be severely impaired.

13. It is in the best interests of Debtor and its creditors that the above described wages, salaries, compensation, payroll taxes, and employee benefits be paid, for the reason that such payments will enable Debtor to continue to operate its businesses in the ordinary course.

14. Pursuant to Rules 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Debtor seeks (a) entry of an order granting the relief sought herein and (b) a waiver of any stay of the effectiveness of such an order. Bankruptcy Rule 6003(b) provides, in relevant part, that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting…a motion to pay all or part of a claim that arose before the filing of the petition." Accordingly, where the failure to grant any such requested relief would result in immediate and irreparable harm to Debtor's estate, the Court may allow Debtor to pay all or part of a claim that arose before the Petition Date prior to the 21st day following the Petition Date. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or

MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 4 of 5**

Case 16-60250-fra11    Doc 10    Filed 02/03/16

lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

15. As set forth above and in the Declaration of Peter Newport, payment of the prepetition wages, salaries, compensation, benefits, and related taxes is necessary to prevent immediate and irreparable damage to Debtor's operation of its gym and its ability to operate in the ordinary course. Accordingly, ample cause exists to justify (a) the entry of an order granting the relief requested herein; and (b) a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

16. In support of this Motion, Debtor incorporates the statements contained in the Declaration of Peter Newport filed contemporaneously herewith.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 2, granting the relief requested in the Motion and such other and further relief as this Court deems just and proper.

DATED this 3rd day of February, 2016.

THE LAW OFFICES OF KEITH Y. BOYD

By: /s/ Keith Y. Boyd
Keith Y. Boyd, OSB #760701
Of Attorneys for Debtor in Possession

MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 5 of 5**

Case 16-60250-fra11    Doc 10    Filed 02/03/16

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 16-60250-fra11 |
|---|---|
| Sawyer Wood Products, Inc.,<br><br>Debtor. | DECLARATION OF PETER W. NEWPORT IN SUPPORT OF MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION |

I, Peter W. Newport, hereby declare that the following statements are true to the best of my knowledge and belief.

1. I am the President of the Debtor in Possession (DIP) and am familiar with the events herein.

2. This case was originally filed on February 3, 2016 under Chapter 11 of Title 11 of the United States Code.

3. The DIP currently employs approximately 22 employees. During peak season the DIP employs approximately 30 employees.

4. The DIP has an average payroll of approximately $40,000 per pay period.

5. The employees are paid on the 5th and 20th of the month. The last regular payroll date was January 20, 2016, which covered the pay period December 28, 2015 through January 12, 2016. As the bankruptcy case was filed February 3, 2016, the DIP has incurred unpaid

DECLARATION OF PETER W. NEWPORT IN SUPPORT OF MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO  CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 1 of 3**

pre-petition obligations for wages, salaries, commissions and other employment compensation and benefits for the period January 13 through January 27, 2016 which is due to be paid on February 5, 2016, and from January 28th through February 2, 2016, which is due to be paid on February 20, 2016. Today, prior to filing the bankruptcy case, the Debtor made advances to the employees on the wages and/or salary incurred for the period January 13th through January 27, 2016. The total amount of these advances was $9,407.68.

6. The DIP seeks authority to pay all accrued and unpaid pre-petition wages, salaries, compensation, taxes, and benefits from cash collateral. However, prior to a final hearing on authorizing use of cash collateral, the Debtor has isolated the amounts needed to pay for wages and salaries only on an emergency basis. The Debtor is obligated to pay $17,699.03 ($35,706.72 total payroll not including taxes minus the $9,407.68 advanced) in wages and salaries due February 5, 2016. The Debtor is further obligated to pay an estimated $12,484.87 in salaries and wages (not including taxes) due February 20, 2016.

7. Attached hereto as Exhibit 1 is a listing of the amounts owed to each individual. The DIP will not pay, and does not request authority to pay, any person more than the $11,725 amount of their priority claim as provided by 11 U.S.C. §§ 507(a)(4) and (a)(5).

8. A failure to pay accrued wages, salaries, benefits and other related obligations, or demand employees and taxing authorities return the payments received, would not only be unfeasible, but have a significant negative impact on worker morale and some employees may not report to work, thereby impairing my ability to continue operations.

9. The DIP's employees are vital to its efforts to reorganize and provide essential services, without which it would be unable to function.

DECLARATION OF PETER W. NEWPORT IN SUPPORT OF MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 2 of 3**

Case 16-60250-fra11    Doc 10    Filed 02/03/16

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA.**

Executed this 3rd day of February, 2016.

/s/ Peter W. Newport
Peter W. Newport

DECLARATION OF PETER W. NEWPORT IN SUPPORT OF MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION - **Page 3 of 3**

Case 16-60250-fra11    Doc 10    Filed 02/03/16

**Sawyer Wood Products, Inc**
**Payroll Detail (not including taxes)**

Time Cards, pay period    01/13/16 to 01/27/16

| Employee | Reg | Ovt | Total hours | Hourly Rate | Reg Time Wages | Overtime Wages | Total Gross Wages | Prior to Feb 3rd Advances | Feb 3rd Advance | Notes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ambrocio, Carmelo | 88.83 | 0.17 | 89 | $ 10.00 | $ 888.30 | $ 2.55 | $ 890.85 | | $ 500.00 | Carmelo | |
| Avila, Brian | 89.02 | 1.88 | 90.9 | $ 11.75 | $ 1,045.99 | $ 33.14 | $ 1,079.12 | | $ - | | |
| Buckman, Beaumont | | | | | | | $ 1,375.00 | | $ 1,127.68 | Beau | Salary |
| Garcia, Juan | 92.48 | 20.72 | 113.2 | $ 10.50 | $ 971.04 | $ 326.34 | $ 1,297.38 | | $ 800.00 | Juan | |
| Gilliland, Kevin | 76.97 | 1.57 | 78.54 | $ 11.50 | $ 885.16 | $ 27.08 | $ 912.24 | | $ 500.00 | Kevin | |
| Harris, Kyle P | 78.88 | 0.78 | 79.66 | $ 11.00 | $ 867.68 | $ 12.87 | $ 880.55 | | $ - | | |
| Hunt, Jennifer | 94.5 | 6.75 | 101.25 | $ 11.00 | $ 1,039.50 | $ 111.38 | $ 1,150.88 | $ 80.00 | $ 700.00 | Jenny | |
| Jarrell, Scott | 91.13 | 7.58 | 98.71 | $ 15.00 | $ 1,366.95 | $ 170.55 | $ 1,537.50 | | $ 700.00 | Scott | |
| Kauffman, Zac | | | | | | | $ 2,166.67 | | $ - | | Salary |
| Lopez, Andres | 52.46 | 0 | 52.46 | $ 13.50 | | | | | $ 400.00 | Andres | |
| Macias, Manny J | 61.77 | 0.57 | 62.34 | $ 10.00 | $ 617.70 | $ 8.55 | $ 626.25 | | $ 300.00 | Manny | |
| Meza Lara, Dario | 92.73 | 21.78 | 114.51 | $ 11.50 | $ 1,066.40 | $ 375.71 | $ 1,442.10 | | $ 900.00 | Dario | |
| Millard, Donald | 89.83 | 0.85 | 90.68 | $ 10.50 | $ 943.22 | $ 13.39 | $ 956.60 | | $ 400.00 | Donnie | |
| Newport, Peter | | | | | | | $ 2,916.67 | | $ - | | Salary |
| Ramirez, Israel | 90.88 | 17.92 | 108.8 | $ 18.00 | $ 1,635.84 | $ 483.84 | $ 2,119.68 | | $ - | | |
| Ray, Cody | 72.5 | | 72.5 | $ 10.00 | $ 725.00 | $ - | $ 725.00 | | $ 400.00 | Cody | |
| Reyes, Efrain | 88.82 | 1.78 | 90.6 | $ 16.50 | $ 1,465.53 | $ 44.06 | $ 1,509.59 | | $ 230.00 | Efrain | |
| Reyes, Uriel | 89.13 | 6.37 | 95.5 | $ 11.50 | $ 1,025.00 | $ 109.88 | $ 1,134.88 | | $ 500.00 | Uriel | |
| Russell, Jeremy L | 86.27 | | 86.27 | $ 13.50 | $ 1,164.65 | $ - | $ 1,164.65 | $ 50.00 | $ 550.00 | Jeremy | |
| Sharp, Rick | 40.02 | | 40.02 | $ 30.00 | $ 1,200.60 | $ - | $ 1,200.60 | | $ 500.00 | Rick | |
| Tourville, Shyne | 68.27 | | 68.27 | $ 12.00 | $ 819.24 | $ - | $ 819.24 | | $ 400.00 | Shyne | |
| Trigg, David P | 87.75 | 0.82 | 88.57 | $ 11.00 | $ 965.25 | $ 13.53 | $ 978.78 | $ 50.00 | $ 300.00 | David | |
| Watters, Thomas | 58.25 | | 58.25 | $ 10.00 | $ 582.50 | $ - | $ 582.50 | | $ 200.00 | Tommy | |
| | | | | | | | | | | | |
| Totals Gross Pay | 1590.49 | 89.54 | 1680.03 | | $ 19,275.52 | $ 1,732.85 | $ 27,466.71 | $ 180.00 | | | |
| Taxes & Benefits | | | | | | | $ 8,240.01 | | | Payroll Remaining 5-10-16 | |
| Taxes & Benefits | | | | | | | $ 35,706.72 | 360 | 9407.68 | | $ 17,699.03 |
| | | | | | | | | | **Advances Paid 2/3/2016** | | **Estimated Net Pay for 2-10-16** |

| | |
|---|---|
| Estimated Per Diem Payroll including Taxes | $ 3,246.07 |
| Estimated Per Diem without Taxes | $ 2,496.97 |
| **Estimated Payroll liability at Feb 3rd Filing Date** | **$ 12,484.87**  5 work days, Jan 28th to Feb 3rd 2016 |

Exhibit 1
Page 1 of 1

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 16-60250-fra11 |
|---|---|
| Sawyer Wood Products, Inc., | ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND |
| Debtor. | RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POSTPETITION |

THIS MATTER having come before the Court at hearing on _____

Debtor's Motion for Order Authorizing Payment of Pre-Petition Wages, Salaries, Compensation,

Benefits, and Related Taxes, and to Continue Employee Benefits Post-Petition (Docket No. \_\_\_);

the Court having reviewed the Motion, the Declaration of Peter W. Newport, having considered

the statements of counsel; and the Court having found that (1) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4)

ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT OF
PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED
TAXES, AND TO CONTINUE  EMPLOYEE BENEFITS POSTPETITION - **Page 1 of 3**

Exhibit 2
Page 1 of 3
Case 16-60250-fra11    Doc 10    Filed 02/03/16

notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, and the creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED that:

Debtor's Motion is granted and Debtor is authorized to pay the amounts set forth on Exhibit 1 and to (1) pay incurred pre-petition wages, salaries, and other compensation on the regularly-scheduled post-petition pay dates; (2) pay any and all local, state, and federal withholding and payroll-related taxes relating to pre-petition periods, including, but not limited to, all pre-petition withholding taxes, social security taxes, Medicare taxes, and unemployment taxes; (3) pay all court-ordered wage garnishments, including, but not limited to, child support and tax garnishments; (4) make accrued pre-petition contributions or payments directly on account of employee benefits; (5) continue to honor, and pay as and when appropriate, earned but unused vacation and other benefits accrued pre-petition; continue existing employee benefits post-petition; provided, however, that with respect to pre-petition obligations, Debtor will not pay with respect to any individual more than the $11,725 priority amount provided by 11 U.S.C. §§ 507(a)(4) and (a)(5);

The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order; and Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

### 

ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE  EMPLOYEE BENEFITS POSTPETITION - **Page 2 of 3**
Exhibit 2
Page 2 of 3

Case 16-60250-fra11    Doc 10    Filed 02/03/16

Presented by:

THE LAW OFFICES OF KEITH Y. BOYD

By: /s/
      Keith Y. Boyd, OSB #760701
      keith@boydlegal.net
      724 S. Central Ave., Suite 106
      Medford, OR 97501
      Telephone: 541-973-2422
      Facsimile: 541-973-2426
          Of Attorneys for Debtor in Possession

cc:

<u>Manual Service:</u>

None

ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POSTPETITION - **Page 3 of 3**
Exhibit 2
Page 3 of 3

Case 16-60250-fra11    Doc 10    Filed 02/03/16

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I directed my staff to serve the following MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, BENEFITS, AND RELATED TAXES, AND TO CONTINUE EMPLOYEE BENEFITS POST-PETITION WITH DECLARATION OF PETER W. NEWPORT IN SUPPORT by depositing in the United States mail at Eugene, Oregon full and complete copies thereof, by first class mail, postage prepaid, or email transmission where indicated, addressed to the following:

Sawyer Wood Products, Inc. (via email)
POB 389
Gold Hill, OR 97525

Largest Unsecured Creditors:

Adventure Sales, Inc. (via email)
Jim Ramsey, Owner
32718 193rd Ave SE
Kent, WA 98042-9705

Ashland General Hardware, Inc. (via email)
Phillip Emard, President
249 A St
Ashland, OR 97520-1905

American Express (via facsimile)
Accounts Receivable
PO Box 30384
Salt Lake City, UT 84130-0384

Bergstrom, Bruce & Mary (via email)
705 Roca St
Ashland, OR 97520-3315

Columbia Bank (via email)
Stan Cruse, Credit Officer
17800 SE Mill Plain Blvd Ste 100
Vancouver, WA 98683-7586

DiRienzo, Mark (via email)
PO Box 965
Ashland, OR 97520-0033

Fiberglass Supply, Inc. (via email)
Matthew Weaver, Owner
11824 Watertank Rd
Burlington, WA 98233-3631

Fowler & McNAir, LLP (via email)
Charles McNair, Partner
PO Box 1746
Medford, OR 97501-0136

Hart Montgomery Outdoor Sales (via email)
Brooks Montgomery, Owner
PO Box 234
Salmon, ID 83467-0234

Howland Distributing (via facsimile)
John Howland, Owner
PO Box 829
Coquille, OR 97423-0829

Jarrell, Scott (via email)
619 Shadow Way
Central Point, OR 97502-2526

Paddling.net, Inc. (via email)
Brian Van Drie, Owner
7500 Thornapple River Dr SE
Caledonia, MI 49316-8464

Playak (via email only)
Jeroen Haouttu, Owner
Am Wasser 69
CH-8049 Zurich
Switzerland

CERTIFICATE OF SERVICE - **Page 1 of 1**

| Profile Composits, Inc. (via email) | WCP Solutions (via email) |
| Geoff Wood, Owner | Kris Isackson,, Credit Manager |
| 1945 NE Laurie Vei Loop | 3600 Avion Dr |
| Poulsbo, WA  98370-8580 | Medford, OR  97504-4011 |

Ramirez, Israel (via email)  
821 Niantic St # 3  
Medford, OR  97501-5864

Wells Fargo (via email)  
Pam Borja, Account Manager  
3502 Excel Dr Ste 105  
Medford, OR  97504-9135

Source Interlink Media (via email)  
Billing Department  
PO Box 933852  
Atlanta, GA  31193-3852

Wells Fargo Bank, National Association  
Corporation Service Company, Reg. Agent  
1127 Broadway Street NE Ste 310  
Salem OR 97301

S&S Sheetmetal, Inc. (via facsimile)  
Bruce Shipley, President  
912 Antelope Rd  
White City, OR  97503-1607

System Three Resins, Inc. (via email)  
Brett Cowman, President  
PO Box 399  
Auburn, WA  98071-0399

I hereby certify that on February 3, 2016, my staff determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF:

    KEITH Y BOYD    ecf@boydlegal.net, arnold@boydlegal.net  
    US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

                      THE LAW OFFICES OF KEITH Y. BOYD

            By:    /s/ Keith Y. Boyd  
                    Keith Y. Boyd, OSB #760701  
                    Of Attorneys for Debtor in Possession

CERTIFICATE OF SERVICE - **Page 2 of 1**