UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
                                         )   Case No. _____
                                         )
                                         )   NOTICE OF **FINAL**
                                         )   HEARING ON MOTION
                                         )       FOR USE OF CASH COLLATERAL
                                         )       TO OBTAIN CREDIT
Debtor(s)                                )   *(Check One)*

YOU ARE NOTIFIED THAT:

1.  The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit *(check one)*. A copy of the motion, which includes the statement required by Local Form #541.5, is attached.

2.  The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3.  A **FINAL** HEARING on the motion WILL BE HELD ON _____ AT _____ IN _____, Testimony will be received if offered and admissible.

4.  If you wish to object to the motion, you must, within 14 days of the service date shown in pt. 5 below, file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave #700, Portland OR 97204; or if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401): (1) a written response which states the facts upon which you will rely, and (2) a certificate showing a copy of the response has been served on the U.S. Trustee and the party named in pt. 2 above.

5.  On _____ copies of this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any creditors' committee chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                          OSB #
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541 (6/1/15)

Keith Y. Boyd, OSB #760701
keith@boydlegal.net
The Law Offices of Keith Y. Boyd
724 S. Central Ave., Suite 106
Medford, OR 97501
Telephone: (541) 973-2422
Facsimile: (541) 973-2426
    Of Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 16-60250-fra11 |
|---|---|
| Sawyer Wood Products, Inc., <br><br> Debtor. | MOTION FOR ENTRY OF FINAL ORDER AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN CREDIT <br><br> **EXPEDITED CONSIDERATION REQUESTED** |

    Sawyer Wood Products, Inc., the debtor in possession (DIP), moves the Court for a final order authorizing the DIP to obtain post-petition financing. In support of this motion, the DIP represents as follows:

    1.    This case was originally filed on February 3, 2016, under Chapter 11 of Title 11 of the United States Code.

    2.    The DIP continues to manage and operate its business as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 case.

    3.    The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 157(b)(2).

    4.    The statutory predicates for the relief requested herein are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules).

MOTION FOR ENTRY OF FINAL ORDER AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN CREDIT - **Page 1 of 4**

5. The DIP seeks authorization under § 364(c), (d), and (e) to obtain unsecured post-petition financing (Post-Petition Financing) in the principal amount of up to $85,000 from three lenders: 1) up to $20,000 from Peter Newport (Lender), 2) up to $35,000 from Zac Kauffman (Lender), and 3) up to $30,000 from Shyne Tourville (Lender), with advances by the Lender being subject to the provisions of the Debtor in Possession Credit Loan (DIP Loan).

6. The key terms of the DIP Loans from Zac Kauffman and Shyne Tourville are summarized below.

    a. Fees: None.

    b. Interest Rate: 6%.

    c. Maturity: Debtor plans to provide for the sale of all assets of the DIP to a Proposed LLC. These two loans will be satisfied by receipt of a membership interest in the Proposed LLC. The Debtor does not anticipate having to repay these loans.

    d. Events of Default: (1) Failure to obtain final order approving the DIP Loan, (2) Nonpayment, (3) Breach of representations or warranties, (4) Dismissal of bankruptcy case or conversion to one under Chapter 7, or (5) Appointment of a Chapter 11 trustee.

    e. Borrowing Limits: $ 65,000.00 to be advanced as needed.

    f. Borrowing Conditions: (1) Court approval, (2) Execution of loan documents (if required by Lender) and (3) Final Order on this motion in full force and effect.

7. The key terms of the DIP Loan from Peter Newport are summarized below:

   a. Fees: None.

   b. Interest Rate: 6%.

   c. Maturity: Repayment will be made from profits of sale of products during the months of September 2016 and October 2016.

   d. Events of Default: (1) Failure to obtain final order approving the DIP Loan, (2) Nonpayment, (3) Breach of representations or warranties, (4) Dismissal of bankruptcy case or conversion to one under Chapter 7, or (5) Appointment of a Chapter 11 trustee.

   e. Borrowing Limits: $ 20,000.00 to be advanced as needed.

   f. Borrowing Conditions: (1) Court approval, (2) Execution of loan documents (if required by Lender) and (3) Final Order on this motion in full force and effect.

8. DIP needs Post-Petition Financing to support its manufacturing operations through the winter months. DIP cannot borrow the funds from any other lenders on such favorable terms.

9. Failure to obtain Post-Petition Financing will require the DIP to use much more cash collateral than will be necessary if this loan is allowed.

10. Accordingly, this Court should authorize the DIP to obtain Post-Petition Financing to the extent and pursuant to the DIP Loan and the proposed final order attached hereto as Exhibit 1 under Bankruptcy Code sections 364(c) and (d).

11. The terms and conditions of the DIP Loan are fair and reasonable.

12. The proposed Final Order does not contain any of the "disfavored provisions" identified in the LBF 541.7 guidelines for cash collateral and debtor-in-possession financing orders.

WHEREFORE, the DIP requests that this Court enter the proposed Final Order attached hereto as Exhibit 1 granting the relief requested herein and such other relief as is just and proper.

DATED this 3rd day of February, 2016.

                                                  THE LAW OFFICES OF KEITH Y. BOYD

                                                  By: /s/ Keith Y. Boyd
                                                          Keith Y. Boyd, OSB #760701
                                                             Of Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Sawyer Wood Products, Inc.,<br><br>Debtor. | Case No. 16-60250-fra11<br><br>FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT |

      THIS MATTER came before the court at a final hearing held on February __, 2016 on the debtor in possession's (DIP) motion for authority to obtain credit (Docket No. _____). The Notice of Final Hearing on Motion to Obtain Credit was served on the DIP, U.S. Trustee, creditors, and parties of interest on February 3, 2016. No objections have been filed. The court having reviewed the motion of the DIP, the files and records herein, and having considered the representations of counsel, and it further appearing that,

      1.      Petition Date. On February 3, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court" or this "Court"). DIP continues to

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 1 of 6**

Exhibit 1
Page 1 of 6
Case 16-60250-fra11    Doc 12    Filed 02/03/16

operate its business as a debtor-in-possession pursuant to § 1107 and 1108 of the Bankruptcy Code.

2. Jurisdiction and Venue. This Court has core jurisdiction over Debtor's chapter 11 case (the "Bankruptcy Case"), this motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 157(b)(2).

3. DIP's Request. DIP has requested $20,000 from Peter Newport (Lender), 2) up to $35,000 from Zac Kauffman (Lender), and 3) up to $30,000 from Shyne Tourville (Lender), with advances by the Lender being subject to the provisions of the Debtor in Possession Credit Loan (DIP Loan).

4. The key terms of the DIP Loans from Zac Kauffman and Shyne Tourville are summarized below.

    a. Fees: None.

    b. Interest Rate: 6%.

    c. Maturity: Debtor plans to provide for the sale of all assets of the DIP to a Proposed LLC. These two loans will be satisfied by receipt of a membership interest in the Proposed LLC. The Debtor does not anticipate having to repay these loans.

    d. Events of Default: (1) Failure to obtain final order approving the DIP Loan, (2) Nonpayment, (3) Breach of representations or warranties, (4) Dismissal of bankruptcy case or conversion to one under Chapter 7, or (5) Appointment of a Chapter 11 trustee.

    e. Borrowing Limits: $ 65,000.00 to be advanced as needed.

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 2 of 6**

Exhibit 1
Page 2 of 6

Case 16-60250-fra11    Doc 12    Filed 02/03/16

f.   Borrowing Conditions: (1)  Court approval, (2)  Execution of loan documents (if required by Lender) and (3)  Final Order on this motion in full force and effect.

5.   The key terms of the DIP Loan from Peter Newport are summarized below:

g.   Fees:  None.

h.   Interest Rate: 6%.

i.   Maturity:  Repayment will be made from profits of sale of products during the months of September 2016 and October 2016.

j.   Events of Default: (1)  Failure to obtain final order approving the DIP Loan, (2) Nonpayment, (3) Breach of representations or warranties, (4) Dismissal of bankruptcy case or conversion to one under Chapter 7, or (5) Appointment of a Chapter 11 trustee.

k.   Borrowing Limits: $ 20,000.00 to be advanced as needed.

l.   Borrowing Conditions: (1)  Court approval, (2)  Execution of loan documents (if required by Lender) and (3)  Final Order on this motion in full force and effect.

6.   Need for Post-petition Financing. Good cause has been shown for entry of this Final Order.  DIP has an immediate need to obtain the DIP Loan in order to support its manufacturing operations through the winter months. Without such cash and credit, DIP's estate would be irreparably harmed.

7.   No Credit Available on More Favorable Terms.  DIP cannot borrow the funds from any other lenders on such favorable terms.

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 3 of 6**

Exhibit 1
Page 3 of 6
Case 16-60250-fra11    Doc 12    Filed 02/03/16

8. Business Judgment and Good Faith Pursuant to Section 364(e). Based on the Motion, the terms of the DIP Loan Documents and this Final Order are fair, just and reasonable under the circumstances, ordinary and appropriate for secured financing to the DIP, reflect the President of the DIP's exercise of prudent business judgment consistent with its fiduciary duties and constitute reasonably equivalent value and fair consideration. Any credit extended, loans made, and other financial accommodations extended to DIP by the Lenders shall be deemed to have been extended, issued, or made, as the case may be, in "good faith" as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections afforded by section 364(e) of the Bankruptcy Code in the event that this Final Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

9. Good Cause, Immediate Entry. DIP represents that the relief requested by the Motion is necessary, essential and appropriate and is in the best interests of and will benefit the DIP, its estate, and its creditors as its implementation will, among other things, provide DIP with the necessary funding to preserve and maximize the value of DIP's estate for the benefit of all of DIP's creditors, and avoid immediate and irreparable harm to the DIP, its creditors, business, employees, and assets. Thus, good cause has been shown for the immediate entry of this Final Order pursuant to Bankruptcy Rules 4001 (b)(2) and 4001 (c)(2).

Based upon the foregoing, and after due consideration and good cause appearing therefore; IT IS ORDERED, ADJUDGED AND DECREED, that:

1. Motion Granted. The Motion is granted in accordance with Bankruptcy Rule 4001 (c)(2) to the extent provided in this Final Order.

2. Objections Overruled. All objections to the entry of this Final Order are withdrawn or resolved by the terms hereof or, to the extent not resolved, are overruled.

3. Execution and Compliance with DIP Loan Documents; Conflicts. The DIP is authorized and directed to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the DIP Loan Documents and additional security agreements and financing statements). To the extent there exists any conflict between the Motion, this Final Order, and the terms of either the DIP Loan or the DIP Loan Documents, this Final Order shall govern and control.

4. Authorization and Approval to Use Proceeds of DIP Loan; Restrictions on Same. Subject to the terms and conditions of the Final Order and the other DIP Loan Documents, the DIP is authorized to request and use proceeds of the DIP Loan. Subject to any limitations applicable in the DIP Loan Documents, DIP shall use the proceeds of the DIP Loan made or arranged for by the DIP Lender pursuant to the DIP Loan Documents and this Final Order to pay operating expenses.

5. Events of Default. Notwithstanding this Final Order, it shall be deemed an Event of Default by DIP under the DIP Loan if DIP, among other things: (i) a trustee, receiver or examiner is appointed, and (ii) the conversion of the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code, (iii) the dismissal of the Bankruptcy Case by the Bankruptcy Court, or (iv) there is an event of default under the DIP Loan Documents.

6. Effectiveness. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order shall (a) be immediately enforceable as of the date of the Final Hearing, and (b) not be stayed absent the grant of such stay under Bankruptcy Rule 8005 after a hearing upon notice to DIP and the Lenders.

7. This Order is effective *nunc pro tunc* as of _____.

### 

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 5 of 6**

Exhibit 1
Page 5 of 6
Case 16-60250-fra11    Doc 12    Filed 02/03/16

Proponent has provided notice as required by LBR 9021-1 and received no objections during the applicable circulation period which has now expired.

Presented By:

By: /s/
  Keith Y. Boyd, OSB#760701
  keith@boydlegal.net
  The Law Offices of Keith Y. Boyd
  724 S. Central Ave., Suite 106
  Medford, OR 97501
  Tele: 541-973-2422
  Fax: 541-973-2426
    Of Attorneys for Debtor in Possession

cc:

<u>via Manual Service:</u>

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 6 of 6**

Exhibit 1
Page 6 of 6

*In re Sawyer Wood Products, Inc.*
U.S. Bankruptcy Court Case No. 16-60250-fra11

SERVICE LIST FOR NOTICE OF FINAL HEARING ON
MOTION TO OBTAIN CREDIT

via Manual Service (first class mail and as described below):

Sawyer Wood Products, Inc. (via email)
POB 389
Gold Hill, OR 97525

Largest Unsecured Creditors:

Adventure Sales, Inc. (via email)
Jim Ramsey, Owner
32718 193rd Ave SE
Kent, WA 98042-9705

Ashland General Hardware, Inc. (via email)
Phillip Emard, President
249 A St
Ashland, OR 97520-1905

American Express (via facsimile)
Accounts Receivable
PO Box 30384
Salt Lake City, UT 84130-0384

Bergstrom, Bruce & Mary (via email)
705 Roca St
Ashland, OR 97520-3315

Columbia Bank (via email)
Stan Cruse, Credit Officer
17800 SE Mill Plain Blvd Ste 100
Vancouver, WA 98683-7586

Columbia Banking System, Inc.
Attn: Data Research, Inc., Reg. Agent
8130 SW Beaverton-Hillsdale Hwy
Portland OR 97225

Columbia Banking System, Inc.
Attn: Melanie J. Dressell, President
1301 A St Ste 800
Tacoma WA 98402

DiRienzo, Mark (via email)
PO Box 965
Ashland, OR 97520-0033

Fiberglass Supply, Inc. (via email)
Matthew Weaver, Owner
11824 Watertank Rd
Burlington, WA 98233-3631

Fowler & McNair, LLP (via email)
Charles McNair, Partner
PO Box 1746
Medford, OR 97501-0136

Hart Montgomery Outdoor Sales (via email)
Brooks Montgomery, Owner
PO Box 234
Salmon, ID 83467-0234

Howland Distributing (via facsimile)
John Howland, Owner
PO Box 829
Coquille, OR 97423-0829

Jarrell, Scott (via email)
619 Shadow Way
Central Point, OR 97502-2526

Paddling.net, Inc. (via email)
Brian Van Drie, Owner
7500 Thornapple River Dr SE
Caledonia, MI 49316-8464

Playak (via email only)
Jeroen Haouttu, Owner
Am Wasser 69
CH-8049 Zurich
Switzerland

SERVICE LIST FOR NOTICE OF FINAL HEARING ON MOTION TO OBTAIN CREDIT -
**Page 1 of 2**

Profile Composits, Inc. (via email)
Geoff Wood, Owner
1945 NE Laurie Vei Loop
Poulsbo, WA  98370-8580

Ramirez, Israel (via email)
821 Niantic St # 3
Medford, OR  97501-5864

Source Interlink Media (via email)
Billing Department
PO Box 933852
Atlanta, GA  31193-3852

S&S Sheetmetal, Inc. (via facsimile)
Bruce Shipley, President
912 Antelope Rd
White City, OR  97503-1607

System Three Resins, Inc. (via email)
Brett Cowman, President
PO Box 399
Auburn, WA  98071-0399

WCP Solutions (via email)
Kris Isackson,, Credit Manager
3600 Avion Dr
Medford, OR  97504-4011

Wells Fargo (via email)
Pam Borja, Account Manager
3502 Excel Dr Ste 105
Medford, OR  97504-9135

Wells Fargo Bank, National Association
Corporation Service Company, Reg. Agent
1127 Broadway Street NE Ste 310
Salem OR 97301

via Electronic Service:

KEITH Y BOYD     ecf@boydlegal.net, arnold@boydlegal.net
US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov

SERVICE LIST FOR NOTICE OF FINAL HEARING ON MOTION TO OBTAIN CREDIT -
**Page 2 of 2**