Below is an Order of the Court.

**IT IS FURTHER ORDERED that the reference to "Bankruptcy Rule 8005" in paragraph 6 on page 6 of this Order is modified to be "Bankruptcy Rule 8007."**

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 16-60250-tmr11 |
| Sawyer Wood Products, Inc., | FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT |
| Debtor. | |

THIS MATTER came before the court at a final hearing held on March 9, 2016 on the debtor in possession's (DIP) amended motion for authority to obtain credit (Docket No. 37). The notice of final hearing on the amended motion to obtain credit was served on the DIP, U.S. Trustee, top 20 largest unsecured creditors, and parties of interest on February 24, 2016.  The rescheduled notice of final hearing was served on the DIP, U.S. Trustee, top 20 largest unsecured creditors, and parties of interest on March 1, 2016.   No objections to the amended motion or the notices that were given have been filed.  The court having reviewed the amended motion of the DIP, the files and records herein,  the testimony presented at the interim hearing, and having considered the representations of counsel, and it further appearing that,

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 1 of 6**

1.      Petition Date. On February 3, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court" or this "Court").  DIP continues to operate its business as a debtor-in-possession pursuant to § 1107 and 1108 of the Bankruptcy Code.

2.      Jurisdiction and Venue. This Court has core jurisdiction over Debtor's chapter 11 case (the "Bankruptcy Case"), this motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 157(b)(2).

3.      DIP's Request. DIP has requested $20,000 from Peter Newport (Lender) and 2) up to $20,000 from Zac Kauffman (Lender), with advances by the Lender being subject to the provisions of the Debtor in Possession Credit Loan (DIP Loan).

4.      The key terms of the DIP Loan from Zac Kauffman are summarized below.

     a.      Fees:  None.

     b.      Interest Rate: 6%.

     c.      Maturity: 90 days from date of loan

     d.      Events of Default: (1)  Failure to obtain final order approving the DIP Loan, (2) Nonpayment, (3) Breach of representations or warranties, (4) Dismissal of bankruptcy case or conversion to one under Chapter 7, or (5) Appointment of a Chapter 11 trustee.

     e.      Liens: None

     f.      Borrowing Limits: $20,000.00 to be advanced as needed.

     g.      Borrowing Conditions: (1)  Court approval, (2)  Execution of loan documents (if required by Lender) and (3)  Final Order on this motion in full force and effect.

5.      The key terms of the DIP Loan from Peter Newport are summarized below:

    a.      Fees:  None.

    b.      Interest Rate: 6%.

    c.      Maturity:  Repayment will be made from profits of sale of products during the months of September 2016 and October 2016.

    d.      Events of Default: (1)  Failure to obtain final order approving the DIP Loan, (2) Nonpayment, (3) Breach of representations or warranties, (4) Dismissal of bankruptcy case or conversion to one under Chapter 7, or (5) Appointment of a Chapter 11 trustee.

    e.      Liens: None

    f.      Borrowing Limits: $ 20,000.00 to be advanced as needed.

    g.      Borrowing Conditions: (1)  Court approval, (2)  Execution of loan documents (if required by Lender) and (3)  Final Order on this motion in full force and effect.

Based upon the motion, files and records, and representations of counsel, the Court makes the following findings:

6.      Need for Post-petition Financing. Good cause has been shown for entry of this Final Order.  DIP has an immediate need to obtain the DIP Loan in order to support its manufacturing operations through the winter months. Without such cash and credit, DIP's estate would be irreparably harmed.

7.      No Credit Available on More Favorable Terms.  DIP cannot borrow the funds from any other lenders on such favorable terms.

8.     Business Judgment and Good Faith Pursuant to Section 364(e). Based on the Motion, the terms of the DIP Loan Documents and this Final Order are fair, just and reasonable under the circumstances, ordinary and appropriate for secured financing to the DIP, reflect the President of the DIP's exercise of prudent business judgment consistent with its fiduciary duties and constitute reasonably equivalent value and fair consideration. Any credit extended, loans made, and other financial accommodations extended to DIP by the Lenders shall be deemed to have been extended, issued, or made, as the case may be, in "good faith" as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections afforded by section 364(e) of the Bankruptcy Code in the event that this Final Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

9.     Good Cause, Immediate Entry. DIP represents that the relief requested by the Motion is necessary, essential and appropriate and is in the best interests of and will benefit the DIP, its estate, and its creditors as its implementation will, among other things, provide DIP with the necessary funding to preserve and maximize the value of DIP's estate for the benefit of all of DIP's creditors, and avoid immediate and irreparable harm to the DIP, its creditors, business, employees, and assets. Thus, good cause has been shown for the immediate entry of this Final Order pursuant to Bankruptcy Rules 4001 (b)(2) and 4001 (c)(2).

Based upon the foregoing, and after due consideration and good cause appearing therefore; IT IS ORDERED, ADJUDGED AND DECREED, that:

1.     Motion Granted. The Motion is granted in accordance with Bankruptcy Rule 4001 (c)(2) to the extent provided in this Final Order.  The DIP is authorized to borrow up to $40,000 from the lenders.

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 4 of 6**

2. Objections Overruled. All objections to the entry of this Final Order are withdrawn or resolved by the terms hereof or, to the extent not resolved, are overruled.

3. Execution and Compliance with DIP Loan Documents; Conflicts. The DIP is authorized and directed to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the DIP Loan Documents and additional security agreements and financing statements). To the extent there exists any conflict between the Motion, this Final Order, and the terms of either the DIP Loan or the DIP Loan Documents, this Final Order shall govern and control.

4. Authorization and Approval to Use Proceeds of DIP Loan; Restrictions on Same. Subject to the terms and conditions of the Final Order and the other DIP Loan Documents, the DIP is authorized to request and use proceeds of the DIP Loan. Subject to any limitations applicable in the DIP Loan Documents, DIP shall use the proceeds of the DIP Loan made or arranged for by the DIP Lender pursuant to the DIP Loan Documents and this Final Order to pay operating expenses.

5. Events of Default. Notwithstanding this Final Order, it shall be deemed an Event of Default by DIP under the DIP Loan if DIP, among other things: (i) a trustee, receiver or examiner is appointed, and (ii) the conversion of the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code, (iii) the dismissal of the Bankruptcy Case by the Bankruptcy Court, or (iv) there is an event of default under the DIP Loan Documents.

6. Effectiveness. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order shall (a) be immediately enforceable as of the date of the Final

Hearing, and (b) not be stayed absent the grant of such stay under Bankruptcy Rule 8005 after a

hearing upon notice to DIP and the Lenders.

###

Proponent has provided notice as required by LBR 9021-1 and received no objections during the applicable circulation period which has now expired.

Presented By:

By:    /s/ Keith Y. Boyd
         Keith Y. Boyd, OSB#760701
         keith@boydlegal.net
         The Law Offices of Keith Y. Boyd
         724 S. Central Ave., Suite 106
         Medford, OR 97501
         Tele: 541-973-2422
         Fax: 541-973-2426
             Of Attorneys for Debtor in Possession

cc:

via Manual Service:

| | |
|---|---|
| Brett Cowman | Kaufman, Zac |
| System Three Resins, Inc. | 812 W 1st St |
| P. O. Box 399 | Phoenix, OR 97535-9788 |
| Auburn, WA 98071-0399 | |
| | Newport, Peter |
| Matthew Weaver | 299 Rogue River Pkwy |
| Fiberglass Supply | Talent, OR 97540-8621 |
| 11824 Watertank Rd. | |
| Burlington, WA 98233 | |
| | |
| Bruce Bergstrom | |
| 705 Roca Street | |
| Ashland, OR 97520 | |

FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT - **Page 6 of 6**